IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICOTORINO LEMOS MEIJA, | ) | No. CV-F-03-5489 REC/DLB HC |
| | ) | |
| | ) | ORDER ADOPTING FINDING AND |
| | ) | RECOMMENDATION AS AMENDED |
| Petitioner, | ) | (Doc. 29), GRANTING PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS IN |
| vs. | ) | PART AND DENYING IT IN PART, |
| | ) | AND DIRECTING STATE TO |
| | ) | INFORM THE COURT WITHIN 90 |
| SYLVIA GARCIA, | ) | DAYS WHETHER IT WILL RETRY |
| | ) | PETITIONER ON FIVE COUNTS OF |
| | ) | RAPE BY FORCE OR FEAR |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

On February 14, 2006, the United States Magistrate Judge recommended that the petition for writ of habeas corpus be denied on all grounds except with regard to the instructional error alleged in Claim Four. The Magistrate Judge recommended in pertinent part:

> Petitioner contends that the trial court erroneously instructed the jury with a version of CALJIC No. 2.50.01 that was in use prior to the 1999 revision.
>
> CALJIC No. 2.50.01, as read and given to the

1

jury in this case, stated the following:

> Evidence has been introduced for the purpose of showing that the defendant engaged in a sexual offense on one or more occasions other than that charged in this case.
>
> Sexual offense means a crime under the laws of the state or of the United States that involve any of the following: Any conduct made criminal by the Penal Code Section 288 or 261(a)(2). The elements of these crimes are set forth elsewhere in these instructions.
>
> If you find that the defendant committed a prior sexual offense, you may but are not required to infer that the defendant had a disposition to commit the same or similar type sexual offenses. If you find that the defendant had this disposition, you may but are not required to infer that he was likely to commit and did commit the crime or crimes of which he is accused. You must not consider this evidence for any other purpose.

...

CALJIC No. 2.50.1, which was given following the above instruction, provides:

> Within the meaning of the preceding section, the prosecution has the burden of proving by a preponderance of the evidence that a defendant committed a sexual offense other than those for which he is on trial.
>
> You must not consider this evidence for any purpose unless you find by a preponderance of the evidence that a defendant committed the other sexual offense[s].

2

1 ...

2 In <u>Gibson v. Ortiz</u>, 387 F.3d 812 (9th Cir. 2004), the Ninth Circuit Court of Appeals ruled that the pre-1999 version of CALJIC 2.50.01, coupled with CALJIC 2.50.1, impermissibly lessened the standard of proof required to convict on the 'sexual offenses' which were similar to the uncharged 'sexual offenses.' In its supplemental briefing, Respondent concedes that the version of CALJIC 2.50.01 used in the instant case is the same version disapproved of in <u>Gibson</u> and there is no way to materially distinguish it. Thus, Respondent submits that the instant petition for writ of habeas corpus must be granted with respect to Petitioner's convictions of five counts of rape. Applying the rationale set forth by the Ninth Circuit in <u>Gibson</u>, the trial court's use of jury instructions CALJIC 2.50.01 and 2.50.1 allowed the jury to find Petitioner guilty of the charged offenses by relying on facts found only by a preponderance of the evidence. This lessened the burden of proof under <u>In re Winship</u>, 397 F.3d 358 (1970), which requires the prosecution to prove every element charged in a criminal offense beyond a reasonable doubt, thereby depriving Petitioner of a 'jury verdict within the meaning of the Sixth Amendment.' <u>Sullivan v. Louisiana</u>, 508 U.S. 275, 280 (1993). In light of this ruling, this Court is compelled to conclude that the state court's decision to use jury instructions CALJIC 2.50.01 and 2.50.1, and the state appellate court's affirmation of that decision, were contrary to clearly established federal law as determined by the Supreme Court of the United States. Because the evidence used to convict Petitioner of the rape charges is the same evidence used to convict Petitioner of the assault and kidnaping charges, and the evidence and incidents were so intertwined, the petition for writ of habeas corpus should be granted with respect to all of the convictions, i.e., five counts of rape, two counts of kidnaping, two counts of assault with a firearm and one count of assault with a deadly weapon.

Respondent timely filed objections to the recommendation, contending that the writ of habeas corpus should be granted only with respect to the five counts of rape by force or fear.

Petitioner did not file any objections to the recommendation or reply to respondent's objections.

The court has reviewed the record herein de novo. The court agrees with respondent's objections and amends the recommendation for the reasons set forth herein. In all other respects, the court concurs with the recommendation that the petition for writ of habeas corpus be denied.

As respondent contends, the uncharged sexual misconduct by petitioner against his daughter and the charged acts of kidnaping and assault are not similar. The evidence does not show that petitioner ever unlawfully took his daughter anywhere or took her to a place against her will. The charged crimes alleged that petitioner took his wife and her sister to an orange grove at gunpoint to rape them. There is no evidence that petitioner assaulted his daughter with a deadly weapon. Rather, petitioner placed a gun under his head or pillow before raping his daughter. This evidence is dissimilar to the charged crimes where petitioner pointed deadly weapons at his two victims to facilitate the rapes. Furthermore, no one suggested at closing argument that the evidence of uncharged sexual offenses against his daughter should be used to prove the truth of the charged kidnaping or assaults. As respondent argues, the language of the jury instructions at issue:

> [T]he language of the jury instruction itself states only that the enumerated sexual offenses are to be considered as propensity evidence.  If the jurors find the evidence to be true, the only permissible inference is that the defendant has a propensity to commit the same or similar type of sexual offenses, and then the jury is permitted to infer that the defendant was 'likely to commit and did commit the crimes of which he is accused.'

Although Respondent concedes in his objections that the instructions at issue could possibly be read in a way the supports the Magistrate Judge's recommendation.  However, as Respondent contends:

> The jury instruction only allowed the jurors to find that Petitioner had committed uncharged acts of oral copulation and forcible rape.  The instruction then permitted the jurors to infer that Petitioner had the propensity to commit the same or similar crimes, and that he had committed the charged crimes.  It is unreasonable to conclude that the jury would focus on uncharged sexual offenses of oral copulation and forcible rape, conclude that Petitioner had the propensity to commit similar sexual offenses, and then use that belief to find him guilty of kidnaping and assault with a deadly weapon.  The unreasonable nature of this conclusion is especially pronounced given the dissimilar ways in which he raped his daughter in the uncharged acts, and the way he raped to two victims in the charged acts, and the absence of any argument tying the uncharged misconduct to the kidnaping and assaults.

Furthermore, regardless of the wording of CALJIC 2.50.01 and CALJIC No. 2.50.1, the jury was instructed that it must find the elements of the kidnaping and the assaults and that petitioner was the perpetrator beyond a reasonable doubt.

In <u>Gibson</u>, the defendant had been charged with corporal

5

1  injury to a spouse as well with counts of forcible oral
2  copulation and genital penetration of a child.  The Ninth Circuit
3  noted that, in addition to being given CALJIC 2.50.01 and CALJIC
4  2.50.1, the jury also received CALJIC 2.50.02, which the Ninth
5  Circuit stated "is identical in all aspects to No. 2.50.01,
6  except that it addresses prior acts of domestic violence."  387
7  F.3d at 817 n.4.  Because CALJIC No. 2.50.02 shared the same
8  language as CALJIC No. 2.50.01, it is inferrable that the Ninth
9  Circuit reversed the conviction of corporal injury to a spouse
10 for the same reason that it reversed the sexual offense
11 convictions.  Here, as argued by Respondent, the jury was
12 separately instructed on the charges of kidnaping and assault
13 with a deadly weapon.  Furthermore, as argued by Respondent, the
14 uncharged sexual offenses evidence did not involve assault or
15 kidnaping.  In Acosta v. Lewis, 146 Fed.Appx. 219 (9th Cir.2005),
16 the district court denied a petition for writ of habeas corpus
17 under 28 U.S.C. § 2254 wherein petitioner challenged his
18 convictions for threats to commit a crime resulting in death or
19 great bodily injury, possession of a firearm by a felon,
20 possession of ammunition by a felon and resisting a peace officer
21 in the performance of his duties.  On appeal, the Ninth Circuit
22 held that petitioner's conviction of threats to commit a crime
23 resulting in death or great bodily injury was contrary to clearly
24 established federal law pursuant to Gibson v. Ortiz because the
25 jury was given CALJIC Nos. 2.50.02 and 2.50.1 and remanded to the
26 district court to grant a conditional writ of mandate with

6

respect to that count.  However, the Ninth Circuit further ruled:

> Because the constitutionally infirm jury instructions in this case pertain only to domestic violence offenses, the district court's denial of habeas relief for the convictions for Counts Two, Three and Four is affirmed.

ACCORDINGLY:

1.  The petition for writ of habeas corpus is GRANTED with respect to petitioner's convictions of five counts of rape by force or fear based on the trial court's use of jury instructions CALJIC 2.50.01 and 2.50.1, subject to the State's right to retry Petitioner;

2.  The remaining claims in the petition for writ of habeas corpus are DENIED;

3.  The State must, within ninety (90) days from the date of service of this Order, inform the court whether it will retry Petitioner on the five counts of rape by force or fear.

IT IS SO ORDERED.

**Dated:  May 9, 2006**                    **/s/ Robert E. Coyle**
668554                                     UNITED STATES DISTRICT JUDGE

7