1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIANO LEMOS MEJIA, | CV F   03-5489 OWW DLB HC |
|           Petitioner, | ORDER DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY, AND DISREGARDING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL TO RENEWAL AT THE NINTH CIRCUIT COURT OF APPEALS |
|   v. | |
| SYLVIA GARCIA, Warden, | |
|           Respondent. | [Docs 39, 40] |
| _____/ | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

On February 14, 2006, the Magistrate Judge issued Findings and Recommendations recommending that Petitioner's claim that the trial court erred in giving jury instructions CALJIC 2.50.01 and 2.50.1, be granted in light of the Ninth Circuit's opinion in Gibson v. Ortiz, 387 F.3d 812, as to all of Petitioner's convictions, but denied on all other grounds.  (Court Doc. 29.)  On May 10, 2006, the Honorable Robert E. Coyle, adopted the Findings and Recommendations as amended, finding that with respect to the instructional error, the petition should only be granted as to Petitioner's five counts of rape, subject to the state's right to retry, and the petition was denied in all other respects.[2]  (Court Doc. 31.)

_____

[1]  On June 2, 2006, this action was reassigned to the undersigned for all further proceedings due to the senior status of Judge Robert E. Coyle.  (Court Doc. 32.)

[2]  On July 28, 2006, Respondent filed a status report indicating that the State of California intended to retry Petitioner's on all count(s) of the conviction overturned on habeas review.  (Court Doc. 42.)

1   After the grant of an extension of time, Petitioner filed a notice of appeal on July 11,

2   2006, a request for a certificate of appealability, and a motion for the appointment of counsel.

3   (Court Docs. 38, 39, 40.)

4   Petitioner requests a certificate of appealability with regard to his claims that the trial

5   court erred in admitting evidence of petitioner's prior uncharged sex crimes against his daughter;

6   that California Evidence Code § 1108 violates petitioner's right to due process of law; that

7   California Evidence Code § 1108 violates the ex post facto clause; and that petitioner's right to

8   due process of law was violated when the trial judge questioned the jury regarding the status of

9   their deliberations.

10   A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

11   district court's denial of his petition, and an appeal is only allowed in certain circumstances.

12   Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining

13   whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

14   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
    district judge, the final order shall be subject to review, on appeal, by the court
15   of appeals for the circuit in which the proceeding is held.

16   (b) There shall be no right of appeal from a final order in a proceeding to test the
    validity of a warrant to remove to another district or place for commitment or trial
17   a person charged with a criminal offense against the United States, or to test the
    validity of such person's detention pending removal proceedings.

18   (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
          appeal may not be taken to the court of appeals from–
19

20       (A) the final order in a habeas corpus proceeding in which the
          detention complained of arises out of process issued by a State
21       court; or

22       (B) the final order in a proceeding under section 2255.

23   (2) A certificate of appealability may issue under paragraph (1) only if the
    applicant has made a substantial showing of the denial of a constitutional right.

24   (3) The certificate of appealability under paragraph (1) shall indicate which
    specific issue or issues satisfy the showing required by paragraph (2).

25   If a court denies a petitioner's petition, the court may only issue a certificate of

26   appealability "if jurists of reason could disagree with the district court's resolution of his

27   constitutional claims or that jurists could conclude the issues presented are adequate to deserve

28

encouragement to proceed further." <u>Miller-El</u>, 123 S.Ct. at 1034; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is only entitled to relief based on the instructional error relating to his rape convictions and that he is not entitled to any further federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right with regard to the claims for which he requests a certificate of appealability.

Accordingly, the Court hereby DENIES Petitioner's motion for certificate of appealability.

With respect to Petitioner's motion for the appointment of counsel, because this case is currently on appeal with the Ninth Circuit Court of Appeals, the motion should be more appropriately filed in that Court, and it is disregarded on that basis.[3]

IT IS SO ORDERED.

**Dated:     August 4, 2006                  _____/s/ Oliver W. Wanger_____**
emm0d6                                         UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that on July 20, 2006, Petitioner filed a request for the record on appeal.  (Court Doc. 41.)  Petitioner is advised that this Court automatically sends the file to the Ninth Circuit Court of Appeals, when the case is resolved and an appeal has been filed, and upon request from the Ninth Circuit, the state court records, including transcripts, are submitted to that Court.