# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIANO LEMOS MEJIA,<br><br>Petitioner,<br><br>v.<br><br>DERRAL G. ADAMS, Warden,<br><br>Respondent. | 1:03-cv-5489 LJO DLB HC<br><br>ORDER DIRECTING RESPONDENT TO INFORM THE COURT WHETHER PETITIONER WILL BE RETRIED ON THE REVERSED COUNTS OR WHETHER THOSE CHARGES WILL BE DISMISSED AND APPOINTING PETITIONER'S COUNSEL NUNC PRO TUNC TO MAY 13, 2009 |

On May 10, 2006, the Court granted in part and denied in the part the instant petition filed pursuant to 28 U.S.C. § 2254, and judgment was entered this same date. The Court's order specifically stated:

1. The petition for writ of habeas corpus is GRANTED with respect to petitioner's convictions of five counts of rape by force or fear based on the trial court's use of jury instructions CALJIC 2.50.01 and 2.50.1, subject to the State's right to retry Petitioner;
2. The remaining claims in the petition for writ of habeas corpus are DENIED;
3. The State must, within ninety (90) days from the date of service of this Order, inform the court whether it will retry Petitioner on the five counts of rape by force or fear.

(Court Doc. 31.)

On July 11, 2006, Petitioner filed a notice of appeal to the United States Court of Appeals, Ninth Circuit. (Court Doc. 38.)

On July 28, 2006, the State filed a notice stating its intention to retry Petitioner on the reversed counts. (Court Doc. 42.)

On July 25, 2008, the Ninth Circuit Court of Appeals affirmed the judgment of this Court and the Supreme Court denied certiorari. <u>Mejia v. Garcia</u>, 534 F.3d 1036 (9th Cir. 2008), cert. denied, 129 S.Ct. 941 (2009). The Ninth Circuit denied the Petition for Rehearing and Rehearing En Banc on October 15, 2008. The mandate was issued by the Ninth Circuit on October 23, 2008.

On May 13, 2009, Petitioner filed a motion requesting an order implementing the relief set forth in the Court's May 10, 2006, which was affirmed on appeal. Petitioner points out that following the appeal, neither this Court nor the Court of Appeals set a time period within which the State must retry Petitioner on the reversed counts or dismiss those counts. Counsel for Petitioner also points out that the state superior court never issued an amended abstract of judgment reflecting the state Court of Appeal's decision vacating and modifying portions of Petitioner's sentence. Deputy Attorney General Justain Riley advised counsel that his office will, as a matter of policy, take no action on this case without a court order. Petitioner's motion shall be granted with respect to the retrial on the reversed counts. However, to the extent Petitioner seeks relief pursuant to the state Court of Appeal's decision vacating and modifying his sentence, he must seek such relief in that court.

Petitioner was represented by appointed counsel in the state courts as well as on appeal in this matter. Counsel for Petitioner requests that she be appointed nunc pro tunc to the date of filing, May 13, 2009, for the purposes of preparing this motion. Counsel's request will be granted for the sole purpose of preparing the instant motion.

Based on the foregoing, it is HEREBY ORDERED that:

1. The State must within sixty (60) days from the date of service of this order inform the Court whether it will retry Petitioner on the reversed counts of rape; and

2. Counsel, Suzanne A. Luban, is appointed nunc pro tunc to May 13, 2009, for the purpose of filing the instant motion. IT IS SO ORDERED.

Dated: **May 27, 2009**        /s/ Lawrence J. O'Neill
                               UNITED STATES DISTRICT JUDGE